# CIRCUIT COURT OF AUGUSTA COUNTY

Atlantic Coast Pipeline, L.L.C.

v.

Evon Wadsworth

Case No. CL15000816

Atlantic Coast Pipeline, L.L.C.

v.

Hazel Palmer

Case No. CL15000819

Atlantic Coast Pipeline, L.L.C.

v.

Jean East

Case No. CL15000945

November 3, 2015

By Judge Charles L. Rickets, III

Atlantic Coast Pipeline, L.L.C. (ACP) moved this Court for an order to enter defendant-landowners' property pursuant to Virginia Code § 56-49.01. In response, the defendants' filed a number of pleas in bar and demurrers, many of them sharing common issues and reasoning. For the reasons set forth below, the Court overrules them all.

## I. *Plea in Bar; Whether ACP Is a Public Service Company*

Defendants Wadsworth and Palmer contend ACP cannot seek enforcement of Va. Code § 56-49.01 because it does not meet the definition of a "public service company" under Virginia law. More specifically, the

Defendants ask the Court to give weight to the statute's placement within Title 56 (which governs Public Service Companies) and states ACP has not been "recognized, certified, or chartered as such, and is not regulated by the State Corporation Commission, which is charged with regulating and overseeing the activities of all public service companies in Virginia."

Va. Code § 56-49.01(A) specifically addresses "any . . . company . . . organized for the *bona fide* purpose of operating as a natural gas company *as defined in 15 U.S.C. § 717a.*" (Emphasis added.) Thus, the application of the statute turns upon a definition borrowed from the U.S. Code rather than an implied definition suggested by its placement within the Code of Virginia — a form of statutory interpretation this Court cannot employ. Code § 1-217 ("The headlines of the sections printed in black-face type are intended as mere catchwords to indicate the contents of the sections and do not constitute a part of the act of the General Assembly.").

## II. *Demurrers*

All of the defendants filed demurrers challenging the constitutionality of Va. Code § 56-49.01 from multiple angles:

(1) It authorizes a taking or damaging of private property for private use;

(2) It fails to provide a public use;

(3) Even if a public use is provided, it authorizes a taking or damaging of private property without just compensation;

(4) It impermissibly burdens a fundamental right;

(5) It authorizes an illegal search and seizure; and

(6) It is a trespass in violation of the Fifth Amendment.

In addition, Defendants Wadsworth, Palmer, and East asserts ACP's request for relief is too vague because it fails to articulate where on the property it intends to go, what it intends to do, and how long it intends to be there.

Judge Dillon of the United States District Court for the Western District of Virginia affirmed the constitutionality of Va. Code § 6-49.01 in two companion cases that tackle the same concerns before the Court. See *Klemic v. Dominion Transmission, Inc.*, 138 F. Supp. 3d 673, 2015 U.S. Dist. LEXIS 132554 (W.D. Va. 2015); *Little v. Dominion Transmission*, No. 5:14-cv-00060, 138 F. Supp. 3d 699, 2015 U.S. Dist. LEXIS 132551 (W.D. Va. Sept. 30, 2015). After an exhaustive review of similar statutes across the country, Judge Dillon concluded that "legal challenges to the validity of such statutes on the basis that they affect a taking without just compensation have been consistently rejected." *Klemic*, 2015 U.S. Dist. LEXIS 132554, *29. "A landowner has no constitutionally protected property right to exclude an authorized utility from entering his property for survey purposes." *Id.* at *31.

In a similarly situated case involving Mountain Valley Pipeline, Judge Turk of the Giles County Circuit Court affirmed the statute's constitutionality

stating, "there is no transfer of ownership of the property from the owners to the natural gas company, nor does it really deprive the owners of any right to possess, use, or dispose of their property . . . a taking has not occurred." (Pl.'s Mem. in Opp'n to Defs.' Dem. Ex. 9 at 4:4-6.)

Judge Blessing of the Buckingham County Circuit also heard these same arguments on demurrers filed by landowners against ACP's motions for declaratory judgment. *Atlantic Coast Pipeline, L.L.C. v. Charles D. Chaffins, et al.*, No. CL15-73 (Buckingham Cnty. Oct. 13, 2015); *Atlantic Coast Pipeline, L.L.C. v. Robert Calvin Day, Jr.*, No. CL15-67 (Buckingham Cnty. Oct. 13, 2015); *Atlantic Coast Pipeline, L.L.C. v. Michael W. Huntley*, No. CL15-72 (Buckingham Cnty. Oct. 13, 2015); *Atlantic Coast Pipeline, L.L.C. v. Beverly V. McQuary*, No. CL15-66 (Buckingham Cnty. Oct. 13, 2015); *Atlantic Coast Pipeline, L.L.C. v. Richard Perkins, et al.*, No. CL15-83 (Buckingham Cnty. Oct. 13, 2015); *Atlantic Coast Pipeline, L.L.C. v. Mercedes A. Villaman*, No. CL15-77 (Buckingham Cnty. Oct. 13, 2015); *Atlantic Coast Pipeline, L.L.C. v. William Otto Carroll, et al.*, No. CL15-38 (Buckingham Cnty. Oct. 13, 2015); *Atlantic Coast Pipeline, L.L.C. v. Christopher M. Register, et al.*, No. CL15-261 (Buckingham Cnty. Oct. 13, 2015). Relying on Judge Dillon and the Attorney General's Brief of the Commonwealth in defense of the statute, Judge Blessing overruled the landowners' demurrers stating the entry pursuant to the statute is not a trespass, that no taking occurs because the statute is temporary and *de minimis,* and that the statutory letters sent by ACP were adequate because the statute has no specific requirement. (Pl.'s Mem. in Opp'n to Defs.' Dem. Exs. 7, 10.)

The plaintiffs seek to press the same issues previously before Judges Dillon and Blessing and have been dealt with at length, especially in Judge Dillon's opinions of *Klemic* and *Little.* The Court finds no reason to deviate from the well-reasoned opinion of Judge Dillon nor the rulings of Judges Blessing and Turk in the cases prior. Accordingly, the demurrers and plea in bar are overruled.